UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **COLUMBIA DG PARTNERSHIP, A TENNESSEE GENERAL PARTNERSHIP,**<br>*Plaintiff,* | **CASE NO.** |
| *v.* | ***JURY DEMAND*** |
| **TRI-STATE INSURANCE COMPANY OF MINNESOTA,**<br><br>*Defendant.* | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, Columbia DG Partnership, a Tennessee General Partnership ("Plaintiff"), by and through its undersigned attorneys, and sues Defendant, Tri-State Insurance Company of Minnesota ("Defendant"), and in support thereof alleges as follows:

**PARTIES**

1. At all times material hereto, Plaintiff, Columbia DG Partnership, is a Tennessee general partnership. Upon information and belief, each of its general partners is a citizen of the State of Tennessee. Plaintiff's principal place of business is located in Maury County, Tennessee.

2. Defendant is incorporated in Iowa with its principal place of business in Urbandale, Iowa. Defendant is authorized to do business in the State of Tennessee and engaged in the business of issuing insurance policies.

3. Defendant may be served with process by serving the Department of Commerce or the Secretary of State as provided by §§56-2-504 and 56-2-506 of the Tennessee Code Annotated.

## JURISDICTION AND VENUE

4. This is an action for damages in excess of $75,000, excluding interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this District.

7. Plaintiff owns the property located at 1390 Hampshire Pike, Columbia, TN 38401 ("the Property").

## FACTS

8. In consideration for the premiums paid prior to February 16, 2021, Defendant issued an insurance policy for the Property bearing policy number ADV4343806-44 ("the Policy") for the policy period from May 6, 2020 through May 6, 2021 (hereinafter "the Policy Period"). A copy of the Policy is attached hereto as Exhibit A.

9. The Policy reflected the parties' agreement, wherein Defendant agreed to make payment in the event of a covered loss, risk and/or peril, in consideration for the premium paid by Plaintiff.

10. At all times material hereto, Plaintiff timely paid, and Defendant accepted, consideration in the form of premium payments.

11. On or about February 16, 2021 ("Date of Loss"), a severe weather event, which included snow and ice, seriously damaged the Property, including damage to the exterior brick and masonry.

12. At all times material hereto, Plaintiff owned the Property up to and including on the Date of Loss.

13. Plaintiff promptly reported the loss to and filed a claim with Defendant.

14. Defendant acknowledged the claim and assigned claim number 16PC000000168426 ("the Claim").

15. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

16. Defendant retained a structural engineer to inspect the Property as part of its investigation before issuing payment.

17. Defendant's retained engineer inspected the Property and issued a report dated on or about September 15, 2021. The engineer's report did not conclude that the exterior brick and masonry were free of storm-related damage, and it attributed the water intrusion at the northwest corner of the Property only in part to conditions other than the storm.

18. Defendant inspected the Property in its investigation of the Claim.

19. Defendant afforded coverage for the Claim.

20. On or about October 18, 2021, Plaintiff, through its representatives, submitted to Defendant an estimate of the damages caused by the Date of Loss, which included the cost to repair the exterior brick and masonry damage in an amount of not less than $138,037.45.

21. On or about November 1, 2021, Defendant issued a letter enclosing payment of $106,618.59, which Defendant characterized as payment of the "undisputed" actual cash value of the loss based upon a "preliminary estimate" of "damages known to date."

22. Defendant's preliminary estimate contained no scope, valuation, or coverage determination of any kind regarding the exterior brick and masonry damages, and Defendant's November 1, 2021 letter did not deny any portion of the Claim.

23. On or about January 12, 2022, Plaintiff invoked appraisal under the Policy.

24. On or about March 2, 2022, Defendant accepted Plaintiff's request for appraisal subject to a reservation of rights. Defendant's March 2, 2022 letter expressly stated that coverage determinations "remain solely" Defendant's prerogative. Defendant did not then, or at any time thereafter, issue any coverage determination with respect to the exterior brick and masonry damages.

25. The parties proceeded with appraisal.

26. On or about February 19, 2025, the Appraisal Panel issued the Appraisal Award and expressly excluded exterior brick and masonry damages from the scope of the award. Attached is the Appraisal Award as Exhibit B.

27. The Appraisal Award expressly states that a causation dispute remained regarding the exterior brick and masonry damages, that those issues had not been addressed prior to appraisal, and that they were not considered as part of the appraisal valuation.

28. Because the Appraisal Award expressly excluded the exterior brick and masonry damages, the appraisal panel made no determination regarding either the amount of those damages or whether payment was owed for those damages.

29. Defendant has never issued a coverage determination resolving Plaintiff's claim for the exterior brick and masonry damages.

30. Accordingly, the exterior brick and masonry damages were never resolved through the appraisal process.

31. Because the brick and masonry damages were excluded from appraisal, the amount and coverage for those damages remain unresolved.

32. Plaintiff brings this action exclusively to recover for the exterior brick and masonry damages, which were expressly excluded from the Appraisal Award.

33. By issuing payment under the Policy, Defendant acknowledged that the February 16, 2021 weather event constituted a covered loss under the Policy.

34. Plaintiff submitted to Defendant an estimate and supporting documentation identifying damage to the exterior brick and masonry and requesting payment under the Policy.

35. The cost to repair the exterior brick and masonry damages substantially exceeds $75,000, exclusive of interest and costs.

36. Defendant has not identified any Policy exclusion that precludes coverage for the brick and masonry damages at issue.

37. Defendant was furnished with timely notice of the Claim, submission of its damages and supporting documentation, and demands for payment, but Defendant has failed and continues to fail to pay for the brick and masonry damages.

**COUNT I - BREACH OF CONTRACT**

38. Plaintiff adopts, re-alleges, and incorporates by reference all preceding allegations as though fully set forth herein.

39. Plaintiff brings this action for breach of contract.

40. Upon the issuance of the Policy, Plaintiff and Defendant entered into a valid and enforceable agreement.

41. At all times pertinent hereto, Plaintiff timely paid, and Defendant accepted consideration in the form of premium payments.

42. At all times material hereto, up to and including on the Date of Loss, the Policy was in full force and effect.

43. Defendant breached the Policy by failing to pay for the covered exterior brick and masonry damages sustained by Plaintiff, which were expressly excluded from the Appraisal Award and remain unpaid and unresolved.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

44. Enter judgment in Plaintiff's favor and against Defendant for breach of contract;

45. Award Plaintiff compensatory damages in an amount to be determined at trial;

46. Award Plaintiff pre-judgment and post-judgment interest on any amounts awarded; and

47. Grant such other and further relief as this Court deems just and proper.

**DATED** August 13, 2026.

Respectfully submitted,

*<u>/s/ Yisroel Silverman</u>*
Yisroel Silverman, Esq.
Florida Bar No. 1011445
**INSURANCE LITIGATION GROUP, P.A.**
1500 NE 162nd Street
Miami, Florida 33162
Telephone: (786) 529-0090
Facsimile: (866) 239-9520
Email: yisroel@ilgpa.com,service@ilgpa.com
***Attorney for Plaintiff***

*<u>/s/ Shauna Dixon</u>*
Shauna Dixon, Esq.
Member of the Tennessee Bar
Tenn. B.P.R. No. 037244
**LYDA LAW FIRM**
40 Burton Hills Blvd #200
Nashville, TN 37215
Telephone: (833) 822-9400, ext. 4002
Email: shauna@lydagroup.com
***Local Counsel for Plaintiff***